UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Evgeny Yaroshevsky,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                   25-CV-02747 (DG) (SDE)

        -against-

Benjamin W. Karlin, Sandra Karlin, Winnie
Woodcliff Park LLC, and Woodcliff Park Cottages,
LLC,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

Familiarity with the procedural history and background of this action is assumed herein. As particularly relevant here, on February 23, 2026, Magistrate Judge Seth D. Eichenholtz issued a Report & Recommendation ("R&R") addressing two motions: (1) Defendants' motion to dismiss *pro se* Plaintiff's Complaint, ECF No. 38, and (2) Defendants' motion for sanctions, ECF No. 50.  *See* R&R, ECF No. 59.[1]

In the R&R, Judge Eichenholtz recommends that the Court deny Plaintiff leave to amend the Complaint; that the Court grant Defendants' motion for sanctions, including dismissing the Complaint with prejudice; that if the Court grants the motion for sanctions, the Court grant Defendants leave to file a formal application to recover fees related to that motion, which Plaintiff may oppose under the terms described in the R&R; and – in the alternative to granting Defendants' motion for sanctions – that the Court grant Defendants' motion to dismiss and

---

[1]  Judge Eichenholtz notes that "[a]s part of [Plaintiff's] response to Defendants' [motion for sanctions], Plaintiff seeks leave to amend his Complaint to partially address the concerns raised in that motion," *see* R&R at 1, and Judge Eichenholtz notes that "[a]s part of the consideration into whether sanctions are appropriate, [Judge Eichenholtz] addresses Plaintiff's request for leave to amend the complaint," *see* R&R at 12.

dismiss the Complaint with prejudice.  *See generally* R&R.[2]

More specifically, in the R&R, Judge Eichenholtz: (1) sets forth relevant factual and procedural background – including as to the state court litigation and settlement, Plaintiff's inclusion of false or misleading citations in numerous of his filings, Plaintiff's material misrepresentations to the Court, and warnings given to Plaintiff by various judges presiding over this action, *see* R&R at 1-12; (2) sets forth the standard for sanctions under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), discussing, *inter alia*, the application of Rule 11 to *pro se* litigants, *see* R&R at 13-16; (3) sets forth his conclusions that Defendants met the procedural requirements of Rule 11; that Plaintiff's use of false and misleading citations is sanctionable; that Plaintiff's belated request to amend does not sufficiently address his misconduct; that the relevant factors support an imposition of sanctions; and that sanctions should include dismissal with prejudice and that shifting of fees related to Defendants' motion for sanctions is an additional appropriate sanction, *see* R&R at 16-23; and (4) as to the alternative relief recommended, explains that dismissal of the Complaint is warranted for the independent reason that Plaintiff's claims "are barred by a release Plaintiff signed as part of a prior settlement agreement," *see* R&R at 23-25.[3]

In the R&R, Judge Eichenholtz – recognizing that "courts do not impose sanctions on a *pro se* litigant lightly" – notes that "even considering the special solicitude due a *pro se* litigant,

---

[2]  Judge Eichenholtz recommends against issuing a separate monetary sanction given Plaintiff's *pro se* status as well as the likelihood that holding Plaintiff responsible for fees and costs will constitute a substantial financial sanction in and of itself.  *See* R&R at 23.

[3]  On the issue of amendment, Judge Eichenholtz additionally notes that Plaintiff has had numerous opportunities to amend his Complaint but rejected those opportunities and Judge Eichenholtz finds that "failure for months to seek leave to amend [the] Complaint in the face of persistent warnings, resulting in Defendants having to file multiple motions, is precisely the kind of bad faith and undue delay that warrant denial of leave."  *See* R&R at 19-20.

2

Plaintiff's persistent and unrepentant use of false and misleading citations, along with the material misrepresentations he made to three judges about his conduct, warrants sanctions, which should include dismissal of his claims with prejudice." *See* R&R at 15-16.

* * *

On March 6, 2026, Plaintiff filed various objections to the R&R. *See* ECF No. 61. In his objections briefing, Plaintiff principally argues that "[u]nder these circumstances, dismissal with prejudice would be disproportionate to the conduct identified and inconsistent with the requirement that lesser sanctions be considered before imposing a case-ending remedy." *See* ECF No. 61 at 6.

Defendants did not file any objections to the R&R but did, on March 23, 2026, file a response to Plaintiff's objections. *See* ECF No. 62. In their response, Defendants state, *inter alia*, that "[i]n his Objections, Plaintiff uses fabricated citations to defend against case-terminating sanctions for using fabricated citations;" that "Judge Gujarati, Magistrate Judge Kuo and Magistrate Judge Eichenhol[t]z have gone to great lengths to defer to [Plaintiff's] *pro se* status, initially issuing multiple warnings rather than sanctions, bringing Plaintiff and Defendants' counsel into Court for two hearings/conferences expressly to import to Plaintiff the seriousness of his conduct and giving him multiple opportunities and options to correct it;" that "Defendants' counsel continues to spend hours attempting to verify Plaintiff's citations;" and that "[a]t this point, enough is enough." *See generally* ECF No. 62.

On March 25, 2026, Plaintiff filed a reply in further support of his objections to the R&R. *See* ECF No. 63 (largely reiterating arguments made in Plaintiff's initial objections briefing as well as criticizing arguments made by Defendants in their response to Plaintiff's objections).

* * *

3

In light of Plaintiff's objections and out of an abundance of caution, the Court has reviewed *de novo* the entirety of the R&R.  Upon such review, the Court adopts the thorough, well-reasoned R&R.  *See* 28 U.S.C. § 636(b)(1).

To be sure – and as Judge Eichenholtz recognized – a case-terminating sanction should not be imposed on a *pro se* litigant lightly.  Here, imposition of such a sanction is warranted and appropriate.

As Judge Eichenholtz aptly notes, even considering the special solicitude due a *pro se* litigant, Plaintiff's conduct warrants sanctions, including dismissal of the Complaint with prejudice.  *See* R&R at 16.  And, as Defendants aptly note, "[a]t this point, enough is enough." *See* ECF No. 62 at 8.[4]

Defendants' motion for sanctions, ECF No. 50, is GRANTED; Plaintiff's Complaint, ECF No. 1, is DISMISSED with prejudice; and Defendants are granted leave to file – by April 14,  2026 – a formal application to recover fees related to their motion for sanctions.

Defendants' motion to dismiss, ECF No. 38, is DENIED as moot in light of the grant of the motion for sanctions.[5]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4]  The Court agrees with Judge Eichenholtz's determination that "although the conduct is sufficiently egregious to warrant" a separate monetary sanction, such sanction should not be imposed here.  *See* R&R at 23.

[5]  For record completeness, the Court notes that if the Court did not dismiss the Complaint as a sanction, the Court would grant Defendants' motion to dismiss and would dismiss Plaintiff's claims with prejudice as barred by the release from the prior settlement agreement.  *See* R&R at 23-25.

4

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: March 31, 2026
       Brooklyn, New York